IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANA E. RIDGWAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 23-1303 |
| | ) |
| MARTIN O'MALLEY,[1] | ) |
| *Commissioner of Social Security*, | ) |
| | ) |
| Defendant. | ) |

O R D E R

AND NOW, this 19th day of September, 2024, upon consideration of the parties' cross-motions for summary judgment, the Court, after reviewing of the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms.  *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)).  *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal

---

[1]  Martin O'Malley is substituted as the defendant in this matter, replacing former Acting Commissioner Kilolo Kijakazi pursuant to Federal Rule of Civil Procedure 25(d) and 42 U.S.C. § 405(g).

court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[2]

---

[2]    Plaintiff identifies two ways in which she claims that the Administrative Law Judge ("ALJ") erred in this case. First, she argues that the ALJ made and relied on a materially incorrect finding of fact in regard to her migraine medication. Second, she contends that the ALJ failed to provide a sufficient explanation for his residual functional capacity ("RFC") determination, specifically in regard to work absences. The Court finds no merit in Plaintiff's positions and finds that substantial evidence supports the ALJ's RFC findings and his determination that Plaintiff is not disabled.

Plaintiff's first argument is not supported by the record. She asserts that the ALJ incorrectly found that the only medication she took for her migraine headaches was Excedrin Migraine every three weeks (Doc. No. 10, p. 8), citing his statement in connection with Listing 11.02 that "the neurology records indicate that she only needs to take Excedrin Migraine every three weeks." (R. 21). Plaintiff suggests that this statement implied the ALJ found that this was the *only* medication she was taking for her headaches. An examination, though, of the record as a whole, *see Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004), demonstrates clearly that this was not what the ALJ meant. Indeed, he discussed Plaintiff's ongoing medication management at some length in the decision, including her use of Fioricet, a different medication. (R. 22). It is very clear that the ALJ understood Excedrin to be just one of a number of medications Plaintiff has taken for her condition. In this context, the use of the word "only" emphasized the infrequency with which Plaintiff used Excedrin, not that it was the only medication she took.

Plaintiff's second argument fares no better. She argues that although the ALJ included in the RFC a provision that she would be absent from work once a month, he did not explain how the evidence supported this seemingly arbitrary limitation. She asserts that this is similar to the case in *Caville v. Berryhill*, Civ. No. 18-1657, 2019 WL 4278832 (W.D. Pa. Sept. 10, 2019), where this Court found that the ALJ failed to explain the evidentiary basis for the rather extensive and specific RFC findings. The Court first notes that to the extent that Plaintiff is claiming that an RFC finding must be tied to a specific doctor's findings, the Third Circuit Court of Appeals has made clear that "[t]he ALJ – not treating or examining physicians or State agency consultants – must make the ultimate disability and RFC determinations." *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011). *See also* 20 C.F.R. §§ 404.1520b(c)(3), 404.1546(c); SSR 96-5p, 1996 WL 374183 (S.S.A.) (July 2, 1996). "There is no legal requirement that a physician have made the particular findings that an ALJ adopts in the course of determining an RFC." *Titterington v. Barnhart*, 174 Fed. Appx. 6, 11 (3d Cir. 2006). *See also Chandler*, 667 F.3d at 362 (holding that each fact incorporated into the RFC need not have been found by a medical expert). It is not problematic, therefore, that the ALJ's finding that Plaintiff would be absent a day per month did not come directly from any specific health care provider's findings or opinion.

Plaintiff is correct, nonetheless, that an ALJ must explain the basis for his or her RFC findings and set forth the reasons for crediting or discrediting relevant or pertinent medical

2

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 9) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 12) is GRANTED as set forth herein.

s/Alan N. Bloch<br>
United States District Judge

ecf:       Counsel of record

---

evidence in any event. *See Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 121-22 (3d Cir. 2000); *Fargnoli v. Massanari*, 247 F.3d 34, 41 (3d Cir. 2001). Plaintiff's argument notwithstanding, the ALJ did just that here. Plaintiff suggests that the ALJ's determination that she would be off work one day a month was arbitrary, particularly in light of the statement of her treating provider, Tami Judy, CRNP, that the frequency of her headaches was several times a week. (R. 624). However, the ALJ considered Ms. Judy's statement, finding it to overstate the severity of Plaintiff's limitations. (R. 23). He also considered the opinions of the state agency medical consultants and found that their opinions were under-inclusive since they did not account for Plaintiff's need for additional breaks and unexpected absences to deal with her migraines. (*Id.*). Between this overstatement and understatement, he arrived at the need for one absence per month, which he expressly tied to her migraines. (*Id.*). Unlike the situation in *Caville*, this explanation provided a logical explanation for how the varying medical evidence led to that result. This analysis was sufficient to allow for meaningful review and for the Court to find that his decision is supported by substantial evidence.

Accordingly, for the reasons set forth herein, the Court finds that the ALJ applied the proper legal standards and that substantial evidence supports his findings. The Court will therefore affirm.